**Order entered April 15, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01126-CV

## BRIGETTA HOMES, LLC D/B/A BEAUTIFUL HOMES BY BRIGETTA AND BRIGETTA D'OLIVIO, Appellants

### V.

### ERHARD HERMUS, Appellee

### On Appeal from the 68th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-16-14449

## ORDER

Before the Court is appellant Brigetta D'Olivio's[1] April 4, 2019 second amended emergency motion to extend the time to file a brief. In the motion, appellant continues to complain about five requested reporter's records that have not been filed and documents requested but not included in the clerk's record. A copy of appellant's motion is attached to this order. We **GRANT** the motion as follows.

By order dated February 20, 2019, we ordered Antionette Reagor, Official Court Reporter for the 68th Judicial District Court, to file the additional requested reporter's records or written verification that no record was taken on any of the designated dates. As of today's date,

---

[1] Pursuant to this Court's March 21, 2019 order, appellant Brigetta Homes, LLC d/b/a Beautiful Homes by Brigetta must notify this Court, by April 18, 2019, of the name, State Bar number, address, and telephone number of new counsel.

Ms. Reagor has not complied. Accordingly, we **ORDER** Ms. Reagor to file, by **April 25, 2019**, the reporter's records from hearings held on: (1) September 18, 2017; (2) January 22, 2018; (3) March 30, 2018; (4) June 4, 2018; and (5) August 13, 2018 or written verification that no record was taken on any or all of the designated dates.

Also in our February 20th order, we ordered Felicia Pitre, Dallas County District Clerk, to file a supplemental clerk's record containing additional documents requested by appellant or written verification that any of the documents do not exist. Ms. Pitre filed a supplemental clerk's record noting that some of the documents could not be located. In the motion before this Court, appellant asserts the supplemental clerk's record includes unsigned orders and disputes that the missing documents cannot be located. Accordingly, we **ORDER** the trial court to conduct a hearing, **within thirty days** of the date of this order, and make written findings as to whether: (1) any or all of the documents listed in the attached motion were filed with the trial court and may properly be included in the clerk's record and (2) whether any or all of the documents listed in the attached motion have been lost or destroyed. If the trial court finds any document designated for inclusion in the clerk's record has been lost or destroyed, the trial court must determine what constitutes an accurate copy of the missing document and order it be included in a supplemental clerk's record. *See* TEX. R. APP. P. 34.5(e).

We **ORDER** Ms. Pitre to file, **within forty days** of the date of this order, a supplemental clerk's record containing the trial court's written findings and all the documents requested by appellant the trial court found available.

We **ORDER** Ms. Reagor to file, **within forty days** of the date of this order, a reporter's record from the hearing.

We **SUSPEND** the current deadline for appellant's brief on the merits. A new deadline will be set when we reinstate the appeal.

We **DIRECT** the Clerk of this Court to send a copy of this order and appellant's April 4th motion, to the Honorable Martin Hoffman, Presiding Judge of the 68th Judicial District Court; Ms. Pitre; Ms. Reagor; and all parties.

We **ABATE** this appeal to allow the trial court to comply with this order. The appeal will be reinstated in forty days or when the requested supplemental clerk's record is filed, whichever occurs sooner.

/s/    BILL WHITEHILL
JUSTICE